UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| KING TACO RESTAURANT, INC., </br></br> Plaintiff, </br></br> v. </br></br> KING TACO EXPRESS, INC., a Nevada corporation; EMMANUL LUNA, an individual; SOL CELENE ROJAS, an individual, </br></br> Defendants. | 2:08-CV-00281-LRH-PAL </br></br> ORDER |

Presently before the court is Plaintiff King Taco Restaurant's Motion to Strike (#18[1]). Defendants King Taco Express, Emmanuel Luna, and Sol Celene Rojas (collectively, "Defendants") have failed to respond. Plaintiff subsequently filed a "reply in support of its motion to strike." (#24).

**I.  Facts and Procedural History**

Plaintiff seeks to strike Defendant King Taco Express' Answer (#15).[2] Defendant Luna filed the answer on behalf of King Taco Express. In the motion to strike, Plaintiff urges the court

---

[1] Refers to the court's docket number.

[2] Defendants filed three separate answers, one on behalf of Defendant King Taco Express, one on behalf of Defendant Luna, and one on behalf of Defendant Rojas. The answer at issue here is the answer filed on behalf of Defendant King Taco Express (#15).

to strike the answer because it was filed by a non-lawyer, and a corporation cannot appear except through counsel.  On June 24, 2008, Plaintiff filed a "reply," further urging the court to grant the motion to strike because of Defendants' failure to respond.  As Plaintiff notes, under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

On June 25, 2008, U.S. Magistrate Peggy A. Leen issued an order requiring Defendant King Taco Express to designate authorized counsel of record on its behalf by July 25, 2008 (#26).  The court warned that if King Taco Express failed to comply with the court's order, the court might impose sanction up to and including dispositive sanctions.  Following King Taco Express' failure to comply with the June 25, 2008, order, on August 8, 2008, Magistrate Leen issued an order to show cause (#27) requiring King Taco Express to explain, in writing, by August 20, 2008, why the court should not strike its answer and enter default judgment against it.  Following a hearing on August 12, 2008, at which Defendants failed to appear, Magistrate Leen issued another order to show cause (#29) requiring King Taco Express to demonstrate, in writing, by August 29, 2008, why the court should not impose Plaintiff's requested sanctions.

On September 2, 2008, Magistrate Leen held a show cause hearing.  Defendant Luna appeared on behalf of Defendants.  The court informed Defendant Luna that Defendant King Taco Express must be represented by counsel.  Defendant Luna informed the court that he had contacted an attorney who had contacted Plaintiff's counsel regarding a potential settlement.  The parties requested two weeks to attempt to settle the case.

On September 17, 2008, Ramon L. Dy-Ragos filed a notice of appearance (#32) on behalf of Defendants King Taco Express, Luna, and Rojas.  The following day, on September 18, 2008, Magistrate Leen held a status conference.  Mr. Dy-Ragos appeared on behalf of Defendants and indicated that he wanted more time to review the settlement papers with his clients.  The court did not set a further status conference and instructed the parties to proceed under the current scheduling

order.

## II.  Discussion

Plaintiff seeks to strike Defendant King Taco Express' answer because Defendant Luna, a non-lawyer, appeared on behalf of King Taco Express. As Plaintiff notes, a corporation cannot appear except through counsel. *U.S v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (*citing Rowland v. California Men's Colony*, 506 U.S. 194, 201-203 (1993)).

### A.  Federal Rule of Civil Procedure 12(f)

Although Plaintiff seeks to strike Defendant's answer, a motion to strike under Federal Rule of Civil Procedure 12(f) is not the appropriate remedy here. Rule 12(f) provides, in pertinent part, that upon motion by a party, "the court may order stricken from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Ninth Circuit has interpreted this rule to permit courts to strike an entire pleading. *See Culinary Serv. Employees Union, AFL-CLO 555 v. Hawaii Employee Ben. Admin.*, 688 F.2d 1228, 1232 (9th Cir. 1982) (noting that "[t]he district court has authority under Rule 12(f) to strike a pleading, in whole or part"). Nonetheless, here the answer is not "redundant, immaterial, impertinent, or scandalous []." As a result, Rule 12(f) does not provide grounds for striking the answer.

### B.  Federal Rule of Civil Procedure 16(b)

Magistrate Leen issued a scheduling order on June 5, 2008 (#21). In the order, Magistrate Leen set July 8, 2008, as the last date for the parties to amend pleadings and add parties. Rule 16(b) of the Federal Rules of Civil Procedure governs the amendment of pleadings once the date for amending pleadings has passed under the court's scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

Under Rule 16, a party must show good cause to amend its pleading. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (*citing Johnson*, 975 F.2d at 607-09). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose

3

an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. Carelessness is incompatible with a finding of diligence and offers no reason to grant relief. *Id*. Although the focus of the inquiry is upon the party's reason for seeking the amendment, the existence or degree of prejudice to the opposing party might supply additional reasons to deny a motion to amend. *Id*. However, the inquiry ends if the moving party was not diligent. *Id*.

Upon carefully considering the circumstances of this case, the procedural history, and the relevant law, the court finds that there is good cause showing to grant Defendant King Taco Express leave to amend its answer. The court recognizes that Defendant Luna, a lay person unfamiliar with the legal system, filed the complaint at issue without the advice of counsel. Defendant King Taco Express has subsequently obtained counsel. The court also notes that there is no indication that Plaintiff will suffer prejudice as a result of the amendment.[3]

**C. Federal Rule of Civil Procedure 15(a)**

If good cause is shown under Rule 16(a), the court must then consider whether amendment is proper under Rule 15 of the Federal Rules of Civil Procedure. *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Rule 15(a) provides that a party may amend a pleading once "as a matter of course" before a responsive pleading is served. Fed. R. Civ. P. 15(a). Where no responsive pleading is permitted, Rule 15(a)(2)(B) permits a party to amend the pleading within 20 days after service.

If a party is not permitted to amend the pleading as a matter of course, the "party may amend the party's pleading only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a)(2). Leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *Jones v. Bates*, 127 F.3d 839, 847 n.8 (9th Cir. 1997); *DCD Program, Ltd. v. Leighton*,

---

[3] In light of the delays in this case, it is apparent to the court that, should the parties fail to resolve the case in settlement, the scheduling order will have to be amended, as the date to complete discovery, October 6, 2008, has passed.

4

833 F.2d 183, 185 (9th Cir. 1987).  "In exercising its discretion, 'a court must be guided by the underlying purpose of Rule 15 – to facilitate a decision on the merits rather than on the pleadings or technicalities.'"  *DCD Program*, 833 F.2d at 186 (*quoting United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).  Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality" insofar as the motion to amend is not sought in bad faith, does not cause the opposing party undue delay, does not cause the opposing party undue prejudice, and does not constitute an exercise in futility.  *Id*. at 186.  The party opposing the amendment bears the burden of showing prejudice.  *Id.* at 187 (*citing Beeck v. Aqua Slide' N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977)).

Here, Defendant King Taco Express' answer is the pleading to be amended.  Except where ordered by the court, the rules do not permit a responsive pleading to an answer.  Fed. R. Civ. P. 7(a).  As a result, Rule 15(a)(1)(B) governs the amendment at issue here.  Rule 15(a)(1)(B) requires a party to amend its pleading "within 20 days after serving the pleading if a responsive pleading is not allowed . . . ."  Fed. R. Civ. P. 15(a)(1)(B).  Defendants served the answer on April 8, 2008.  Thus, well over 20 days have past since Defendants served the answer.  Defendants therefore cannot amend the answer under Rule 12(a)(1)(B).

Nonetheless, although Defendant King Taco Express cannot amend its answer as a matter of course, generally, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  In light of the liberal amendment policy of Rule 15(a), the court will grant Defendant King Taco Express leave to amend its answer.  The court finds that amending the answer will not be futile or cause the Plaintiff undue delay or prejudice.  In addition, there is no indication that Defendants have acted in bad faith.  Although Defendants failed to respond to several of Magistrate Leen's orders, the court again recognizes that Defendants were proceeding without the advice of counsel and have since obtained counsel.

The court directs Defendant King Taco Express to file an amended answer in compliance

1 with Rule 15-1 of the Local Rules of Practice for the United States District Court, District of
2 Nevada, within 30 days of the issuance of this order.
3      IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike (#18) is hereby DENIED.
4      IT IS SO ORDERED.
5      DATED this 27th day of October, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE