UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KING TACO RESTAURANT, INC., | |
| Plaintiff, | 2:08-CV-00281-LRH-PAL |
| v. | ORDER |
| KING TACO EXPRESS, INC., a Nevada corporation; EMMANUAL LUNA, an individual; SOL CELENE ROJAS, an individual, | |
| Defendants. | |

Before the court is Defendants King Taco Express, Emmanual Luna, and Sol Celene Rojas's (collectively "Defendants") Motion to Set Aside Judgment (#52[1]). Plaintiff King Taco Restaurant has filed a response (#53).

On October 2, 2009, this court entered an order (#46) granting Plaintiff's unopposed Motion for Summary Judgment (#44). The Clerk subsequently entered judgment accordingly (#47).

Defendants now ask the court for relief from the summary judgment order and from the entry of final judgment. Although Defendants do not specify the authority upon which they base their motion, the court assumes that they bring the motion pursuant to Federal Rule of Civil Procedure 60(b), which governs the reconsideration of final orders of the district court. The Rule

---

[1] Refers to the court's docket entry number.

1  permits a district court to relieve a party from a final order or judgment on grounds of mistake,
2  inadvertence, surprise, or excusable neglect, among other reasons. Fed. R. Civ. P. 60(b). The
3  motion for reconsideration must be made within a reasonable time, and, in any event, "no more
4  than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P.
5  60(c).
6       Defendants ask the court to set aside the judgment because their counsel failed to represent
7  them effectively. In particular, Defendants note that after counsel entered his appearance in the
8  case, he failed to respond to Plaintiff's various filings, including the motion for summary judgment.
9  Defendants further state that they have repeatedly attempted to contact counsel, but have received
10 no response.
11      The court must determine whether counsel's failure to act in this matter constitutes
12 "excusable neglect." The term "excusable neglect" "encompass[es] situations in which the failure
13 to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Services Co. v.*
14 *Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 394 (1993). To determine whether neglect is
15 excusable, the court balances the danger of prejudice to the opposing party, the length of the delay
16 and its potential impact on judicial proceedings, the reasons for the delay, and whether the movant
17 acted in good faith. *Id.* at 395.
18      Plaintiff contends that the danger of prejudice to it is great. Plaintiff notes that re-opening
19 the case will result in additional harm to its trademark and force it to incur additional attorneys'
20 fees. Plaintiff further notes that the length of the delay has been significant, as the court entered
21 judgment over six months ago, and Defendants have repeatedly delayed this case since its inception
22 more than two years ago.
23      While the court is sympathetic to Plaintiff's concerns, the court also recognizes that the
24 reasons for the lack of an opposition to the motion for summary judgment were largely out of
25 Defendants' control. Defendants have repeatedly attempted to contact their counsel, by telephone
26

and in person, with no success. In fact, it appears that Defendants did not learn of the final judgment until March of 2010, when they attempted to renew their business license and were unable to do so.

At this time, the court is unable to determine whether the equities favor setting aside the judgment. Although Defendants' counsel failed to file an opposition to the motion for summary judgment, the court nonetheless considered the motion on its merits. In the motion now before the court, Defendants have failed to identify any error warranting reversal of the court's order. The court will grant Defendants thirty days to submit briefing and summary-judgment type evidence demonstrating that their defenses to this action are meritorious. The court emphasizes that the final judgment and summary judgment order, including the permanent injunction, shall remain in effect. By maintaining the permanent injunction, the court can alleviate Plaintiff's concerns while also permitting Defendants to present any meritorious defenses they may have.[2]

IT IS THEREFORE ORDERED that Defendants shall have thirty (30) days from the entry of this order to submit briefing and summary judgment-type evidence setting forth meritorious defenses to Plaintiff's claims. No reply is required.[3]

IT IS SO ORDERED.

DATED this 23rd day of April, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] The court admonishes Defendants that, as a corporation, Defendant King Taco Express must be represented by counsel. *See U.S v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-203 (1993)).

[3] If, after reviewing Defendants' arguments and evidence, Plaintiff feels a reply is required, Plaintiff may seek leave of the court to file a reply.